**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

KENNETH L. HARRIS,                    )
                                      )
    Movant,                  )
                                      )
    v.                       )          No. 4:14CV1098 CDP
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Respondent,              )

## MEMORANDUM AND ORDER

This matter is before me on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion appears to be barred by the statute of limitations.

A jury found movant guilty of possession of narcotics and felon in possession of a firearm. United States v. Harris, 4:00CR548 CDP (E.D. Mo.). On June 27, 2002, I sentenced movant to 188 months' imprisonment. Id. The Court of Appeals for the Eighth Circuit affirmed on April 8, 2003. United States v. Harris, No. 02-2746 (8th Cir. 2003).

Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. S. Ct. R. 13(1). The time does not run from the date of mandate. S. Ct. R. 13(3); Clay, 537 U.S. at 527, 529. A federal defendant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The Court of Appeals issued its judgment on April 8, 2003. Therefore, the limitations period ended on about July 7, 2004.

Movant argues that the action is not barred by the limitations period because the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), applies retroactively and restarted the limitations period. I disagree. The Supreme Court did not announce that Alleyne applied retroactively to cases on collateral review. Every court that has discussed the matter has found that it does not. E.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). In Simpson, the court stated that the Supreme Court is unlikely to hold that Alleyne applies to cases on collateral review:

> Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v.

<u>Summerlin</u>, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004). This implies that the Court will not declare <u>Alleyne</u> to be retroactive. <u>See also</u> <u>Curtis v. United States</u>, 294 F.3d 841 (7th Cir.2002) (<u>Apprendi</u> itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that <u>Alleyne</u> applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

<u>Id.</u>

The instant motion was filed a decade after the limitations period expired. As a result, I will order movant to show cause why his § 2255 motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, no later than thirty (30) days from the date of this Memorandum and Order, why his § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this motion, I will dismiss this action without further proceedings.

Dated this 27th day of June, 2014.

_Catherine D. Perry_

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE