# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH L. HARRIS, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:14CV1098 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Movant brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In 2002, he was convicted by a jury on one count of felon in possession of firearms and one count of possession of a controlled substance. <u>United States v. Harris</u>, 4:00CR548 CDP. I sentenced movant as an armed career criminal to 188 months' imprisonment to be served consecutive to his eighteen-year state sentence. The Court of Appeals for the Eighth Circuit affirmed on April 8, 2003. <u>United States v. Harris</u>, No. 02-2746 (8th Cir. 2003).

Movant argues that the United States Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), applies to his case and that he is entitled to relief because I sentenced him under the Armed Career Criminal Act ("ACCA") based on criminal history findings that were not submitted to the jury. In <u>Alleyne</u>, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be submitted to the jury. <u>Id.</u> at 2155. Movant argues that <u>Alleyne</u> is retroactively applicable on collateral review. Alternatively, movant argues that he is entitled to equitable tolling because he diligently pursued his rights and the pre-<u>Alleyne</u> case law was an extraordinary circumstance preventing him from filing a timely motion.

There are several problems with the motion. First, for it to be timely under § 2255(f)(3), the Supreme Court must have announced that Alleyne applies retroactively to cases on collateral review. However, it did not. Moreover, every court that has discussed the matter has found that it does not apply retroactively. E.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). In Simpson, the court noted that the Supreme Court is unlikely to hold that Alleyne applies to cases on collateral review:

> Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004). This implies that the Court will not declare Alleyne to be retroactive. See also Curtis v. United States, 294 F.3d 841 (7th Cir.2002) (Apprendi itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

Id. Therefore, the motion is barred by the statute of limitations.

Movant asserts that he is entitled to equitable tolling. Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 649-50.

Movant claims that he has been reading all of the Supreme Court's sentencing decisions, and he says Alleyne is the first such case to provide relief for his situation. Therefore, he argues, he has been diligently pursuing his rights. Additionally, he claims that the state of the case law

up until the Alleyne decision was handed down was an extraordinary circumstance that prevented him from filing a meritorious motion under § 2255.

Movant's argument lacks merit. The state of the case law at the time he was sentenced and during the time the limitations period was running does not constitute an extraordinary circumstance that prevented him from presenting a constitutional claim to the Court. Movant is not entitled to equitable tolling.

Moreover, Alleyne would not provide relief for movant even if it were retroactively available. The Court in Alleyne specifically stated that the rule announced in Almendarez–Torres v. United States, 523 U.S. 224, 247 (1998), i.e., that a judicial finding of a prior conviction by a preponderance of evidence is constitutional, was not disturbed by its ruling. Alleyne, 133 S. Ct. at 2160 n. 1; see also Booker v. United States, 543 U.S. 220, 244 (2005) ("we reaffirm our holding in Apprendi: any fact (*other than a prior conviction* ) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); Apprendi, 530 U.S. at 490 (*"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.") (emphasis added).

For these reasons, movant is not entitled to federal habeas relief. Furthermore, he has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir.

2002) (quotation omitted). Thus, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that movant's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED as moot**.

An Order of Dismissal will be filed separately.

Dated this 22nd day of August, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE